WABASH RAILWAY COMPANY *v*. TODD, SUPER-
INTENDENT.

[No. 23,086. Filed October 25, 1916. Rehearing denied February 1, 1917.]

1. JUDGMENT.— *Conclusiveness.*— *Matters Determined.*— Where, in a proceeding to establish a drain, a railway company's remonstrance expressly challenged the right of the circuit court to require the railroad at its own expense to construct a bridge as recommended by the report of the drainage commissioners,

and the judgment rendered by the court ordering the establishment of the drain and the building of the bridge by the company was affirmed on appeal, the railway is bound by the order to construct the bridge. p. 77.

2. DRAINS.—*Proceedings to Establish.—Jurisdiction of Court.— Supplementary Orders.*—Although a judgment establishing a drain and ordering its construction was final in character and terminated the adversary proceedings, the action thereafter remained on the court docket for the purpose of carrying such judgment into effect and to that extent .the circuit court retained original jurisdiction over the subject-matter, and where a remonstrant which failed to construct a bridge as ordered voluntarily appeared to contest a petition requiring obedience to the order, it could not question the jurisdiction of the court, since the petition was not an original action nor one for mandamus, but merely sought a supplemental order to enable the court to carry into effect its judgment. p. 77.

3. DRAINS.—*Proceedings to Establish.—Authority of Superintendent.—Application for Supplementary Order.*—In a drainage proceeding, where the court rendered a judgment establishing a drain and ordering a railway company to construct a bridge to allow drainage water to pass under its tracks and the railroad failed to comply with such. order, the superintendent of construction had the right to apply to the court which established the drain for a supplemental order requiring the construction of the bridge within a specified time. p. 78.

4. DRAINS.—*Proceedings to Establish.—Application for Supplementary Order.—Defenses.—Striking Out Answer.—Harmless Error.*—Where, in a drainage proceeding, a railroad company failed to construct a bridge over the drain as ordered by the court and the construction superintendent petitioned for an order requiring compliance with the judgment, paragraphs of answer alleging that the drain had not been completed up to the railroad company's right of way, that it could not be so constructed without the making of an additional assessment against property owners benefited by the improvement, and that the company was willing to build the bridge whenever it became necessary, do not state a defense to the petition, and, even though proof of such facts might affect the terms and conditions of the court's order, error, if any, in striking out such answer was harmless where the facts alleged therein were provable under the answer of general denial on file in the cause. pp. 78, 79.

5. PLEADING.— *Answer.— Striking Out.— Review.— Reversal.—* While a motion to strike out will not perform the office of a demurrer for want of sufficient facts, yet if a pleading is so

clearly bad that it cannot be amended, or if, in the case of an answer or reply, it amounts only to a general denial, a judgment will not be reversed on account of the irregular procedure in sustaining such a motion. p. 79.

6. DRAINS.—*Proceedings to Establish.—Petition for Supplementary Order.—Answers.—Sufficiency.—Motion to Strike Out.*—Where, in a drainage proceeding, the construction superintendent petitioned the court for an order to compel a railroad company to construct a bridge over a drain as ordered by the court's original judgment, answers interposing a defense that the drain had not been completed to the defendant's right of way and that it could not be so constructed without making additional assessments, do not allege facts constituting a bar to the relief sought by the petition, as the drainage law does not determine the order in which the several sections of a proposed drain shall be constructed and does authorize the collection of additional assessments when necessary to complete the work as judicially established; and, since the facts alleged do not constitute a defense to the petition but present only matters of fact for the consideration of the court in fixing the terms of its decree, proof of such facts were admissible under the answer of general denial. p. 80.

7. APPEAL.—*Review.—Evidence.—Presumptions.*—On an appeal from a judgment rendered in a proceeding to compel a railroad company to construct a bridge over a drain, the appellate court must presume that proper steps will be taken to finish the drain as ordered and cannot pass on issues of fact presented by a defense that the drain had not been completed to a point where a bridge was necessary to permit the passage of drainage waters under the railroad's right of way. p. 81.

From Wabash Circuit Court; *Nelson G. Hunter,* Judge.

Action by Walter G. Todd, superintendent, etc., against the Wabash Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Stuart, Hammond & Stuart* and *James D. Conner, Jr.,* for appellant.

*Alfred H. Plummer, Walter G. Todd* and *Frank W. Plummer,* for appellee.

SPENCER, J.—The matters involved in this appeal have their origin in a proceeding instituted in the circuit court of Wabash county on September 13, 1909,

by William A. Jackson and others to procure the establishment of a certain public drain in that county in accordance with the provisions of the drainage act of 1907. Acts 1907 p. 508, §6140 *et seq.* Burns 1914. In the report of the drainage commissioners, made in said proceeding, it was recommended that, "at a point where this proposed drainage crosses the right of way of the Wabash Railroad Company, there be constructed a bridge under the road bed thereof, which said bridge shall be 24 feet long and 12 feet high with an opening for the passage of the water of the above dimensions. And that said bridge shall be constructed solely at the cost of the Wabash Railroad Company."

The railroad company filed a remonstrance to the report of the commissioners on the grounds, among others, "that a bridge of the size and dimensions mentioned in said report at the place in question is wholly unnecessary," and, "that said report is illegal in its recommendation requiring said Wabash Railroad Company to construct the bridge therein mentioned at its own cost, because it is not competent, under the laws of the State of Indiana, to make such requirement of a railroad company."

On a trial of the above remonstrance the court found specially that a bridge seventeen feet long and eight feet high would be sufficient to accommodate the flow of water in the proposed drain and concluded as a matter of law that the railroad company should be required to construct such a bridge across its right of way and on the line and grade of the proposed drain at its own expense. From a judgment rendered on the trial court's conclusions of law, and which established the drain in accordance with the report of the drainage commissioners as thus modified, the railroad company appealed to this court and the judgment was here affirmed. *Wabash R. Co.* v. *Jackson* (1911), 176 Ind.

487, 95 N. E. 311, 96 N. E. 466. Subsequently, on January 10, 1916, appellee, as superintendent for the construction of the established improvement, filed a petition in the Wabash Circuit Court in which he set out, in substance, the facts above stated and alleged further: "That said drain was sold by a former superintendent of the same and constructed so far as possible by the purchaser, but that said railroad company has never yet constructed said bridge, as ordered by this court, and has always refused so to do, although said cause was decided by the Supreme Court on November 22d, 1911, and the completion of said drain is and has been delayed by reason of the failure of said Company, and its successor, to act." The petition further alleges in detail the refusal of the Wabash Railroad Company, and its successor, the present appellant, to build the bridge in question, and asks for "an order of this court, fixing a definite time in which said Wabash Railway Company shall construct said bridge, or culvert, in accordance with the order heretofore had and entered in this cause."

Appellant's motion to dismiss the above petition and its demurrer thereto were each overruled, and said rulings are now challenged by the assignment of errors in this court. To treat these assignments collectively, it is the contention of appellant, in substance: (1) That this is an action in mandamus and is not authorized under the drainage laws of the State; (2) that, even though a proper proceeding in such cases, an action in mandamus can be brought only in the name of the State on the relation of the party in interest; (3) that appellee, as superintendent for the construction of the drainage improvement, has no authority under the law to maintain this action, either individually or as a relator; (4) that the trial court had no jurisdiction of the subject-matter of the alleged action; and (5) that appel-

lant is under no legal obligation to construct the bridge in question and may not, therefore, be mandated to do so.

The latter contention rests, in part, on an incorrect construction which appellant has placed on the judgment announced by the trial court in passing on the remonstrance filed by the railroad company in the original drainage proceeding, which judgment was thereafter affirmed by this court on appeal. As we have already noted, one ground of that remonstrance expressly challenged the right of the circuit court to require the railroad company at its own expense to construct the bridge which was recommended by the report of the drainage commissioners. The court overruled this contention and concluded as a matter of law that the railroad company should be required to construct the bridge in question. In this connection, see: *Lake Shore, etc., R. Co.* v. *Clough* (1914), 182 Ind. 178, 185, 104 N. E. 975, 105 N. E. 905; *Chicago, etc., R. Co.* v. *Luddington* (1910), 175 Ind. 35, 91 N. E. 939, 93 N. E. 273; *Cincinnati, etc., R. Co.* v. *City of Connersville* (1907), 170 Ind. 316, 83 N. E. 503. The judgment rendered on the conclusions of law operated to establish the drain and to order the construction of the same in accordance with the modified report of the commissioners. That order necessarily placed on appellant and on its predecessor in title the duty to build the bridge, which should form a part of the improvement, and it was expressly affirmed on appeal.

The judgment which established the drain and ordered its construction was final in character and terminated the adversary proceedings, but the action thereafter remained on the court docket for the purpose of carrying such judgment into effect and to that extent, at least, the circuit court retained its original jurisdiction over the subject-matter (*Per-*

*kins* v. *Hayward* [1892], 132 Ind. 95, 99, 31 N. E. 670), and as appellant voluntarily appeared and filed an answer to the petition herein there can be no question as to the jurisdiction over the parties. The petition was not an original action and was in no sense an action in mandamus. It sought only the entry of an order supplementary to, and fixing the time within which appellant should comply with, a previous order in the proceeding and thus invoked the exercise of an inherent power which a court possesses to make such orders and to issue such writs as may be necessary and essential to carry a previous judgment into effect and render it binding and operative. 7 R. C. L. 1034, §63, and authorities cited.

Furthermore, it was a petition which appellee had a right to file. As superintendent for the construction of an improvement established by order of the

3. Wabash Circuit Court, in which the proceeding was still pending, he was acting as an officer of that court and was charged with the duty not only of making such reports to the court as should show the condition of the work as it progressed but also of asking such further orders and instructions as should prove necessary for its proper completion. This duty exists independent of statutory provision but, impliedly at least, it is within the contemplation of §6144 Burns 1914, *supra*, which directs the work of the construction superintendent. There was no error in overruling either appellant's motion to dismiss the petition or its demurrer thereto.

To meet appellee's petition on its merits, appellant filed four paragraphs of answer, of which the first, a general denial, was subsequently withdrawn and

4. the other three were struck out on motion of appellee. The ruling on this motion presents the remaining questions for our consideration. The issues

presented by the second, third and fourth paragraphs of answer have been disposed of in part by our conclusions above stated. They embody appellant's further contention, however, that the drain in question has not yet been completed up to the point where it is to cross the railroad right of way and cannot be so constructed without the making of an additional assessment against the owners of property to be benefited thereby; that appellant is ready to construct the required bridge whenever the same is made necessary for the safe passage of its trains over the new ditch and will afford proper facilities at any time for the construction of the improvement across its right- of way.

It is true that a motion to strike out will not perform the office of a demurrer for want of sufficient facts, but if a pleading is so clearly bad that it cannot be 5. amended, or if, in the case of an answer or reply, it amounts only to a general denial, a judgment will not be reversed on account of the irregular procedure in sustaining such a motion. *Wilson* v. *Tevis* (1915), 184 Ind. 712, 111 N. E. 181; *Weideroder* v. *Mace* (1915), 184 Ind. 242, 111 N. E. 5. The matters above suggested by appellant's answer, if sustained by proof, would not defeat appellee's right to the relief 4. asked in his petition, although they might affect the terms and conditions of the court's order. In any event, they were provable under the general denial which was on file at the time the motion to strike out was sustained, and the error, if any, in the ruling was harmless.

Judgment affirmed.

## On Petition for Rehearing.

SPENCER, J.—Appellant has earnestly requested a reconsideration of the issues presented by this appeal, to the end, either that a rehearing may be granted and the

decree of the Wabash Circuit Court in all things reversed, or that the judgment of affirmance be so modified as to relieve appellant from building the bridge in question until sufficient funds are provided for completing the remainder of the improvement of which it is a part. Particular attention is directed to the statement in our original opinion that the matters

6. suggested by the second, third and fourth paragraphs of appellant's answer, if sustained by proof, "might affect the terms and conditions of the court's order," and error is claimed in our holding that these matters were provable under the general denial. It is true that, under our Code, "all defenses, except the mere denial of the facts alleged by the plaintiff, shall be pleaded specially" (§361 Burns 1914, §356 R. S. 1881), and that, "under a mere denial of any allegation, no evidence shall be introduced which does not tend to negative what the party making the allegation is bound to prove." §386 Burns 1914, §377 R. S. 1881. In relying on these statutory provisions, however, appellant misconstrues our decision concerning the extent to which the facts pleaded in the affirmative answer may affect the issues. If sufficient to constitute a legal defense to appellee's petition, they would necessarily have to be pleaded specially and it would be error to strike out an answer which contained such defense, but the circumstances here relied on do not in any sense constitute a bar to the relief which is sought. They present only matters of fact which the trial court may consider, together with other facts and circumstances, in so fixing the terms of its decree as, in its discretion, shall seem right and just. Proof of these facts is admissible under the general denial on the same principle that evidence of circumstances which tend only to reduce the amount of recovery may be so received in an action for damages.

It must be borne in mind: (1) That the drainage law does not determine the order in which the several sections of a proposed improvement shall be constructed, and (2) that it does authorize the levy and collection of additional assessments, if necessary, to complete a work which has been judicially established. This court must presume that proper steps will be taken to finish the drain as ordered and cannot pass on issues of fact such as appellant seeks to present. However, since the time heretofore fixed for the construction of the bridge in question has expired during the pendency of this appeal, it is obvious that the court's order must be modified in that particular.

On serious reconsideration of the matters presented we conclude that this cause should be, and it is, remanded to the Wabash Circuit Court with instructions to fix such time for the completion of said bridge by appellant as shall seem fair and reasonable under all the circumstances in issue. In all other respects the judgment of that court is affirmed and appellant's petition for a rehearing is overruled.

NOTE.—Reported in 113 N. E. 997, 114 N. E. 975.