McNELIS ET AL. *v.* WHEELER ET AL.

[No. 28,283.  Filed June 10, 1947.]

*Russell J. Dean* and *Robert L. Carrico,* both of Indianapolis, for appellants.

*Othniel Hitch,* of Indianapolis, for appellees.

GILKISON, J.—On March 12, 1946, appellees filed their complaint in two paragraphs against appellants, in the Superior Court of Marion County. Paragraph one was duly verified, and prayed that a temporary injunction issue enjoining and restraining defendants from erecting a business building on premises described in the complaint, and that upon final hearing a permanent injunction issue enjoining defendants from erecting such business building. Paragraph two is unverified and prays for a permanent injunction against defendants inhibiting the construction of such business

building. On March 12, 1946, defendants were served with summons to appear and answer the complaint on March 23, 1946. On March 22, 1946, plaintiffs caused a written notice to be served on defendants, that the plaintiffs would apply to the judge of the Superior Court, Room 3, for a temporary injunction in the cause on March 25, 1946, at 2:00 P.M. o'clock. On that date, the record of the court made in the matter is as follows:

"Comes now the above named plaintiffs in the above entitled cause of action, and comes now the above named defendants, and said cause being submitted upon the verified complaint of the plaintiffs and due notice being had upon the defendants, which notice is in the words and figures as follows: (Here Insert) and this cause being for a temporary and permanent injunction, is now submitted to the court for trial without the intervention of a jury.

"And the court having heard the evidence adduced, and being duly advised in the premises, and that due notice was given said defendants and said defendants appeared in person and by counsel, the court finds that an injunction and restraining order should be issued, enjoining and restraining said defendants and each of them from erecting and constructing a business building on said Lot 1 in Pleasanton, an Addition to the city of Indianapolis, Indiana, that the contractor, Ernest Hall be restrained and enjoined from taking any further steps to dig out, or erect or construct a building on said premises, described as Lot 1 in Pleasanton Addition.

"It is therefore considered ordered adjudged and decreed by the court that said defendant and each of them, be and they are hereby enjoined and restrained from erecting or constructing a business building on said Lot 1 in Pleasanton and that Ernest Hall, Contractor herein, be and he is hereby restrained and enjoined from erecting or construct-

ing any business building on said Lot 1 in Pleasanton Addition to the city of Indianapolis, Indiana.

"Dated this 25th day of March, 1946

"Emsley W. Johnson, Jr.

"Judge Marion Superior Court
"Room 3

"O. K.
"R. J. Dean, Atty. for defts."

No further action was taken in the matter until November 9, 1946, some five or six terms of court after the rendition of the judgment, when defendants filed certain interrogatories to plaintiffs. On November 20, 1946, plaintiffs filed a motion to strike out and reject the interrogatories so filed, for the reason, among others: "that each of said interrogatories relate to a case which has been closed and decided by this court under date of March 25, 1946."

On December 10, 1946, defendants filed a motion to dissolve the "restraining order"; a motion to strike out parts of each paragraph of the complaint; a counterclaim for damages; and a motion for change of venue from the county, which latter motion was granted by the court, and afterwards on December 16, after striking, the venue was ordered changed to the Boone Circuit Court, but the cause was not transferred to the Boone Circuit Court, and further proceedings were had as follows:

On December 18, 1946, the plaintiffs filed a motion to strike out the motion for change of venue from the county. On January 14, 1947, they filed motions to strike out the counterclaim for damages; and the motion to dissolve the restraining order. Each of these motions were for the reason that the cause had been fully tried and adjudicated on March 25, 1946, and that there was

no action pending on which the pleadings sought to be stricken could be predicated. After hearing oral arguments on the several motions, the court vacated the entry made December 16, 1946, granting a change of venue from the county and sustained plaintiffs' motion to strike out defendants' motion for change of venue from the county, and the motion to strike out defendants' counter-claim. From this action defendants have attempted to take this appeal.

On January 28, 1947, defendants asked and were given ten days to prepare and tender all bills of exception, and were granted an appeal on filing an appeal bond within ten days. This bond was timely filed and approved.

On February 10, 1947, a purported bill of exceptions, was signed, sealed, filed and made a part of the record, but it contains no evidence, or any other matter proper to be contained in a bill of exceptions (§ 9-2105, Burns' 1942 Replacement).

The only question presented by the record before us is whether the record bearing the O. K. of defendant's attorney, made by the trial court on March 25, 1946, hereinbefore set forth, is a final judgment by consent. If it is, no error was committed by the court in the several rulings complained of, and no appeal can be taken from such action.

Our court has consistently held that "a final judgment is one which disposes of the subject matter of the litigation as to the parties so far as the court in which the action is pending has power to dispose of it. (authorities). If the judgment settles and concludes the rights involved, and denies the parties means of further prosecuting or defending the action, it is final." *Kalleres* v. *Glover, Receiver* (1935), 208 Ind. 472, 478, 196 N. E. 679; *Home Electric*

*Light and Power Co.* v. *Globe Tissue Paper Co.* (1896), 145 Ind. 174, 175, 44 N. E. 191; *Wall* v. *City of Muncie* (1929), 201 Ind. 170, 175, 166 N. E. 659; *Enmeier* v. *Blaize* (1932), 203 Ind. 303, 306, 179 N. E. 783.

This court has also stated the rule thus: "An adjudication once had between the parties bars and cuts off all future litigation, not only as to what was actually litigated and determined, but as to all matters that might have been litigated and determined in the action. This is the established doctrine of this court from the beginning." (authorities) *Wright* v. *Anderson* (1889), 117 Ind. 349, 354, 20 N. E. 247. Elliott Appellate Procedure §§ 83, 90, 91, 94.

It is true the judgment was rendered on the day fixed for the hearing on the application for a temporary injunction, and two days after the maturity of the service of summons upon the defendants. The record affirmatively shows that the defendants appeared in person and by counsel; that the court heard evidence and was duly advised in the premises. The court then made its finding and rendered its judgment, without any indication therein that it is temporary, but on the contrary, bearing the *indicia* of a permanent judgment. It makes no reservation for a further hearing as provided for by § 3-2102, Burns' 1946 Replacement. It bears the written O. K. of defendants' attorney.

What is the legal effect of this judgment, final in form and bearing the written approval of defendants' attorney? As to the effect of the "O. K." by defendants' attorney this court in *Indianapolis, Decatur and Western Co.* v. *Sands Trustees* (1892), 133 Ind. 433 at p. 441, 32 N. E. 722, said:

"... It was signed by some of the parties, and the attorneys for these appellees indorsed it 'O. K.' and signed their names, and it was handed to the

judge. As it seems to us, but one inference could be drawn, and that is that the decree as drafted to be entered was all right, and that they were giving their consent to the entry of the decree as prepared, and the court had a right to so regard it and order the decree entered at the date agreed upon, which it did. Taking the view of the case which we do, the judgment must be affirmed without considering the merits of the case . . . ."

See also *Fletcher* v. *Holmes* (1865), 25 Ind. 458, 462, 463; *Pacific R. C. Co.* v. *Ketcham* (1879), 101 U. S. 289, 295, 296, 25 L. Ed. 932, 935.

In *Hudson* v. *Allison* (1876), 54 Ind. 215, an action was brought on an appeal bond, and defendants answered the complaint. Later a judgment by consent was entered by the court from which judgment an appeal was taken assigning error that the complaint was fatally defective. In deciding the case this court, on page 216, among other things, said:

"We think the judgment in this case was one by agreement in open court, that it operated as a waiver of the alleged defects, if they existed, in the complaint, and that the complaint is sufficient to support the judgment, and that the judgment will bar another action for the same cause . . . .

"We think the error assigned unavailable, and that the judgment should be affirmed." (authorities).

In *Bergman* v. *Rhodes* (1929), 334 Ill. 137, 165 N. E. 598, 65 A. L. R. 344 at page 349, the Supreme Court of Illinois, on the subject of consent judgments, said:

". . . Parties who are competent to contract may agree to the rendition of a decree in respect to any right which may be the subject of litigation.

When such a decree is entered, it is a decree by consent. . . . A consent decree is not a judicial determination of the rights of the parties. It does not purport to represent the judgment of the court, but merely records the agreement of the parties. A decree so entered by consent can not be reviewed by appeal or writ of error. (authorities). It can only be set aside by an original bill in the nature of a bill of review (authorities). In Chicago & V. H. Benev. Soc. v. Chicago & S. H. Aid Soc. 283 Ill. 99, 118 N. E. 1012, it was held that where neither party objected to a master's report, a decree in accordance with the master's finding, which was approved before entry by the O. K. and signature of counsel for both sides, became a consent decree; that where an attorney is the counsel of record for a client, his agreement in the conduct and management of the litigation must be considered as the agreement of his client, and if any of his acts are without sufficient authority as between him and his client the remedy of the client is against the counsel.

". . . The decree . . . was in effect a consent decree, it was binding upon the defendants in error, and they had no right to have it set aside."

In *Adler* v. *VanKirk Land, etc. Co.* (1896), 114 Ala. 551, 21 So. 490, 62 Am. St. Rep. 133, 138, 139, with respect to a consent judgment the court said:

"In the absence of fraud in its procurement and between parties sui juris, who are competent to make the consent not standing in confidential relations to each other, a judgment or decree of a court having jurisdiction of the subject matter, rendered by consent of parties, though without any ascertainment by the court of the truth of the facts averred, is, according to the great weight of American authority, as binding and conclusive between the parties and their privies as if the suit had been an adversary one, and the conclusions embodied in the decree had been rendered upon controverted issues of fact and a due consideration thereof by the court. (authorities).

"The fact that the decree in the foreclosure suit was rendered by consent of the parties does not, therefore, detract from its dignity, or lessen its conclusiveness, as an adjudication between the parties. Not only is such its effect, but its consent is a waiver of error, precluding a review of the decree upon appeal and, as a general rule, upon a bill of review." (authorities).

And in *Nashville, &c., Railway Co.* v. *United States* (1885), 113 U. S. 261, 28 L. Ed. 971, speaking of consent judgments the United States Supreme Court said:

"But the insurmountable difficulty is, that the former decree appears upon its face to have been rendered by consent of the parties, and could not therefore be reversed, even on appeal. Courts of chancery generally hold that from a decree by consent no appeal lies." (authorities).

The rule is tersely stated in 2 Am. Jur. § 31 *Appeal and Error* p. 868 thus:

"In the absence of statute, a judgment or decree entered by the consent of the parties cannot be reviewed by appeal or by error proceedings. The consent, however, must extend to the entire judgment."

See also Anno. 139 A. L. R. 422, 436, 451.

In Elliott's General Practice Vol. 2 p. 609, 610, 611 and 612, § 475 basing his statement on the Sands case and the Ketchum case from which we have quoted, and *Knobloch* v. *Miller* (1888), 123 Ill. 554, 17 N. E. 696, the author says:

"A consent decree, entered by agreement of parties, in a case in which the court has jurisdiction to enter such a decree, is conclusive upon the parties and will not be reviewed for error or considered on its merits upon appeal."

It appears to us that the judgment rendered is a consent judgment, that it is final and the defendants are charged with the full force and effect thereof.

Appellants complain that the judgment does not mention the matter of costs, and for this reason is not final. But this fact can not injure the the defendants, nor is it indicative that the judgment is only temporary. §2-3001, Burns' 1946 Replacement provides:

"In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law."

Under this statute our courts have held that when it appears that no judgment was rendered for costs, such costs are upon the persons making them. *Chicago and Southeastern R. W. Co.* v. *Cason* (1898), 151 Ind. 329, 331, 50 N. E. 569; *Hall* v. *Kincaid* (1917), 64 Ind. App. 103, 118, 115 N. E. 361.

Appellants further complain that no undertaking was ever given or tendered by the plaintiff. Our statute provides that no restraining order or injunction shall be granted until the party asking it shall "enter into a written undertaking, with surety to be approved by the court or judge, to the adverse party affected thereby, for the payment of all damages and costs which may accrue by reason of the injunction or restraining order." §§ 3-2107, 3-2108, Burns' 1946 Replacement. With respect to our injunction statutes, this court has held:

"We think it manifest from all of these provisions that a bond is contemplated only in cases where an injunction or restraining order precedes the final decree or judgment, and that no bond is required in suits like the present."

that is, where no restraining order or temporary injunction is granted. *The Lake Erie and Western R. R. Co.* v. *Cluggish* (1896), 143 Ind. 347, 355, 356, 42 N. E. 743; *City of Huntington* v. *Northern Ind. Power Co.* (1937), 211 Ind. 502, 508, 5 N. E. (2d) 889, 6 N. E. (2d) 335.

The fact that no undertaking was given prior to or at the time the judgment was rendered indicates that the trial court, the parties and their attorneys understood and believed that the injunction then granted was permanent and the judgment final, for had it been temporary a written undertaking would have been required.

That the court had jurisdiction of the cause and the parties is not questioned.

Finding no error in the record the judgment is affirmed.

NOTE.—Reported in 73 N. E. (2d) 339.