ELIZABETH L. WILSON *v.* DONALD G. WILSON.

[No. 1-276A18. Filed June 24, 1976.]

*Melville E. Watson,* of Greenfield, *C. Wendell Martin, Bredell, Martin & McTurnan,* of Indianapolis, for appellant.

*Lineback and Lewis,* of Greenfield, *William A. Freihofer, Freihofer & Schmidt,* of Indianapolis, for appellee.

## STATEMENT OF THE CASE:

LOWDERMILK, J.—This case is an appeal from the Hancock Superior Court which granted the appellant Elizabeth L. Wilson (Elizabeth) her petition seeking to have her marriage with her husband Donald G. Wilson (Donald) dissolved.

We affirm.

## FACTS:

The facts necessary for our disposition of this appeal are as follows: On June 15, 1970, Elizabeth filed a petition seeking temporary support and attorney fees in her action for Separation from Bed and Board against Donald. This petition was granted on or about July 10, 1970, the court awarding Elizabeth $1,000.00 as preliminary attorney fees. (By trial Elizabeth had filed a second paragraph of complaint for absolute divorce on which the decree hereinafter set forth was made.)

The pertinent portions of the decree were as follows:

"Decree for Divorce

Come now Plaintiff, Elizabeth L. Wilson, in person and by her attorneys, C. Wendell Martin and Melville E. Watson . . .

The court, having heard evidence and being otherwise duly advised, now finds that:

\* \* \*

5. Defendant should pay to attorneys for Plaintiff, the sum of $6,500.00, as and for total attorneys' fees for services rendered in this matter and said sum is reasonable.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the court that:

\* \* \*

4. Defendant shall pay to attorneys for Plaintiff, as and for attorneys' fees for prosecuting Plaintiff's cause of action herein, the sum of $6,500.00 and said sum shall be paid within sixty (60) days from the date of this Decree. Said amount is a reasonable fee for the services rendered by said attorneys to Plaintiff herein.

\* \* \*"

Following the divorce Donald tendered to Elizabeth's attorneys the sum of $5,500.00, believing this was what the court

meant by its decree of March 6, 1971, since he had already on July 10, 1970, paid Elizabeth's attorneys a $1,000.00 preliminary fee.

On July 24, 1975, Donald filed a Petition for Interpretation of Decree for Divorce which provided in relevant part the following:

"Donald G. Wilson, by counsel, states that:

1. On March 6, 1971, this court entered a Decree for Divorce in the above styled cause of action.

2. Said Decree provided, among other things, that Donald G. Wilson should pay to attorneys for Elizabeth L. Wilson the sum of $6,500.00 'as and for total attorneys' fees for services rendered in this matter.' Said Donald G. Wilson has paid to the attorneys for Plaintiff the sum of $6,500.00
*   *   *

"WHEREFORE, Donald G. Wilson prays that this court set this Petition for Hearing, that the Decree for Divorce heretofore entered herein on March 6, 1971, be construed by the court, that the court make a finding that all attorneys' fees have been paid to or for the benefit of Plaintiff's attorneys, and that this Lis Pendens Notice described in this Petition be ordered satisfied or stricken from the records of the Marion County Clerk, and that Petitioner herein be granted all other proper relief."

The court on October 9, 1975, entered the following order:
"*   *   *

The Court now therefore finds, adjudges, decrees and orders that the decree of divorce entered in this cause provided that the sum of $6,500.00 was a reasonable fee for the services rendered to plaintiff by her attorneys in this cause and that such fee as awarded by the decree in this cause was for all services rendered plaintiff by such attorneys during the pendency of this cause. The Court Further finds, adjudges, decrees and orders that defendant has paid plaintiff's attorney in full for the services rendered plaintiff in this cause to and including March 6, 1971.

All of which is found, adjudged, ordered and decreed this 9th day of October, 1975."

ISSUES:

1. Did the trial court have jurisdiction to entertain Donald Wilson's petition to interpret the divorce decree?

2. Did the trial court err in allowing Donald credit for the $1,000.00 preliminary attorney fee?

### DISCUSSION AND DECISION:

ISSUE ONE:

On March 6, 1971, the Hancock Superior Court ordered the marriage of Elizabeth and Donald Wilson dissolved. On July 24, 1975, Donald filed a petition which sought to have the court construe its judgment and decree to the effect that he had paid Elizabeth's attorney fees in full. On October 9, 1975, the court granted Donald the relief prayed for in his petition.

Elizabeth contends that the trial court was without jurisdiction to entertain this petition. As authority for this appellant cites IC 1971, 33-1-6-3 (Burns Code Ed.) which provides:

> "All courts shall retain power and control over their judgments for a period of ninety [90] days after the rendering thereof in the same manner and under the same conditions as they heretofore retained such power and control during the term of court in which the judgments were rendered."

We do not find this argument persuasive. Courts of this State have long had power, both inherent and statutory, to entertain actions to determine whether a judgment has been carried out and satisfied. In *McOuat et al.* v. *Cathcart* (1882), 84 Ind. 567, 571, appellant did not follow the statutory procedure then existing to invoke the court's power to render a decision that his judgment had been satisfied. Nevertheless, the court afforded relief and held:

> "That section gives a convenient and summary remedy by notice and motion, but it does not impair the established power of courts of general jurisdiction to afford relief, in the proper cases, by decreeing satisfaction, upon a complaint for that purpose."

The inherent power of our courts to issue orders to assist in the enforcement of their judgments was recognized in *Wabash Railway Co.* v. *Todd* (1916), 186 Ind. 72, 113 N.E. 997. In that case, Wabash was ordered to begin constructing a bridge

on November 22, 1911. On January 10, 1916, more than four years later, a petition was filed seeking an order setting a completion date and alleging the refusal of the railroad to build the bridge. Our Supreme Court held that the trial court had jurisdiction and stated:

> ". . . It (the petition) sought only the entry of an order supplementary to, and fixing the time within which appellant (railroad) should comply with a previous order in the proceeding *and thus invoked the exercise of an inherent power which a court possesses to make such orders and to issue such writs as may be necessary and essential to carry a previous judgment into effect and render it binding and operative.*" 186 Ind. at 78. (Our emphasis.)

See also *Linton* v. *Linton* (1975), 166 Ind. App. 409, 339 N.E.2d 96, 97.

Our Indiana Trial Rules also provide vehicles by which a litigant can obtain relief from a judgment. Ind. Rules of Procedure, Trial Rule 60 (B) gives eight grounds upon which a court can relieve a party from the hardships of a final judgment. Tr. 60 (B) (7) allows a party to obtain relief from a judgment upon a showing that:

> "the judgment has been satisfied, released, or discharged . . ."

The substance of Donald's Petition for Interpretation was that he had paid Elizabeth's attorneys in full and had in all further respects satisfied the court's judgment of March 6, 1971. The fact that Donald filed a "petition" rather than a "motion" as it is called by Tr. 60 (B) is not controlling. A motion is just an application to a court for an order particularly describing the relief sought and the grounds therefor. Ind. Rules of Procedure, Trial Rule 7 (B). See also *Hooker* v. *Terre Haute Gas Corporation* (1974), 162 Ind. App. 43, 317 N.E.2d 878, 880. It is not necessary for us to consider the sufficiency of the petition for we are only concerned with the jurisdiction of the trial court.

The trial court could have considered Donald's petition as one authorized under Ind. Rules of Procedure Trial Rule 13 (M). This rule provides:

"Satisfaction of a judgment or credits thereon may be ordered, for sufficient cause, upon notice and motion. . . ."

The record shows that Donald gave notice and filed his petition seeking to have the judgment interpreted and declared satisfied.

The cases cited by Elizabeth in her brief we find inapplicable to the case at bar. Donald was not seeking to modify or amend the court's judgment, rather he sought only to determine what exactly the judgment meant, and whether he had fully complied with its mandates.

We hold that the trial court had jurisdiction to consider the petition for an interpretation of its judgment and to consider the petition as one seeking relief pursuant to TR. 60(B)(7) or TR. 13(M), and this cause was not barred by IC 1971, 33-1-6-3 (Burns Code Ed.).

ISSUE TWO:

Elizabeth strongly argues that Donald still owes $1,000.00 on the judgment of March 6, 1971, toward the payment of attorney fees. She points out that the decretal portion of the judgment provides:

"4. Defendant shall pay to attorneys for Plaintiff . . . for attorneys' fees . . . $6,500.00 . . . within (60) days from the date of this Decree. . . ."

The record disclosed that Donald has paid only $5,500.00 since this decree was entered.

As authority for the position promulgated by Elizabeth "that we should ignore the $1,000.00 preliminary attorney fee admittedly paid, and define Donald's duty of payment solely by the decretal portion of the judgment," *supra,* we are cited to the case of *State* v. *Collier* (1975), 165 Ind. App. 239, 331

N.E.2d 784. There, at page 789, this court, in discussing *Farley* v. *Farley* (1973), 157 Ind. App. 385, 300 N.E.2d 375, 380, held:

> "The general rule is that recitals in a decree are usual and proper, but the rights of the parties are adjudged not by these recitals but solely by the decretal portion of the decree, i.e., the judgment." (Citation omitted.)

We still adhere to the rule that the rights of the parties are to be found in the decretal portion of the decree, i.e., the judgment.

We do not accept Elizabeth's argument that in the event there is some question as to the exact meaning of a judgment that a court can go no further than the decretal portion of the decree in construing the language of the judgment.

In *Farley, supra,* the court was faced with the question of whether an order allowing suit money followng a final divorce decree was proper. The divorce decree incorporated a separation agreement of the parties which dealt with the issue of suit money, but the decree itself was otherwise silent in respect thereto. The court in answering this question in the affirmative stated at page 380:

> ". . . The validity of the husband's position in this regard depends upon a reasoning which flies in the face of the stated intent of the trial court with reference to the effect of the divorce decree and would require us to assume or hold that the court did in fact or in law conclude an undetermined issue, i.e., suit money, when the record clearly indicates to the contrary. As stated in *Public Service Commission* v. *Ft. Wayne Union Ry. Co.* (1953), 232 Ind. 82, 91, 111 N.E. 2d 719, 723:
>
> > 'We should not be required to assume that the court has decided an issue *when the record, to which we may look to ascertain the meaning and effect of a judgment, State ex rel. Booth* v. *Beck Jewelry Enterprises* (1942), 220 Ind. 276, 41 N.E.2d 622, 141 A.L.R. 876, *reveals that the court has not, in fact, done so.*' " (Our emphasis.)

See also *Cleavenger* v. *Rueth* (1962), 134 Ind. App. 18, 185 N.E.2d 305.

The record discloses that the Decree of Divorce, which preceded the formal Judgment of Divorce, contained finding number 5 which provided:

"5. Defendant should pay to attorneys for Plaintiff, the sum of $6,500.00, *as and for total attorneys' fees* for services rendered in this matter and said sum is reasonable." (Our emphasis.)

In our opinion the meaning and effect of the judgment as it relates to attorney fees is clear. The total attorney fees awarded was $6,500.00 and the record discloses that $6,500.00 of attorney fees was paid by Donald to Elizabeth's attorneys.

The order of the Hancock Superior Court entered October 9, 1975, is hereby affirmed and the Clerk of said court is now ordered and directed to enter satisfaction in full of said order.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 349 N.E.2d 277.