GENERAL DISCOUNT CORPORATION, Appellant (Plaintiff Below),

v.

WEISS MACHINERY CORPORATION, Weiss Sales and Leasing, Inc., and Edward Weiss, Appellees (Defendants Below).

No. 2–282A51.

Court of Appeals of Indiana, Third District.

July 12, 1982.

L. Tyler Spies, Morgan & Pottinger, New Albany, for appellant.

Donald H. Dunnuck, Dunnuck, Rankin, Wyrick, McShurley & Schafer, Muncie, for appellees.

HOFFMAN, Presiding Judge.

This cause of action began when General Discount Corporation sued for replevin and damages occurring due to the breach of certain conditional sales contracts, and notes, secured by security agreements which were assigned to General Discount by Weiss Machinery Corporation and Weiss Sales and Leasing, Inc. (hereinafter collectively referred to as Weiss). Edward Weiss guaranteed the performance of the contracts and notes. The parties entered into an agreed judgment which provided:

"AGREED JUDGMENT

By agreement of the Plaintiff, by Counsel, and the Defendants, Weiss Machinery Corporation and Weiss Sales and Leasing, Inc., and Edward Weiss, it is agreed, stipulated, ordered and adjudged as follows:

1. Plaintiff has received the sum of $21,844.83 from the Defendants, Weiss Machinery Corporation and Weiss Sales and Leasing, Inc., in full satisfaction of the debt owed to Plaintiff by said Defendants, as evidenced by Exhibits 'A' through and including 'E'. In exchange for said sums Plaintiff has delivered to said Defendants the certificates of title on the equipment described in Exhibits 'A' through 'E'.

2. It is further agreed, ordered and adjudged that the Defendants, Weiss Machinery Corporation and Edward Weiss will deliver the following described security to Plaintiff by delivering said security to S. & H. Contractors, Walton, Kentucky prior to 5:00 P.M., July 29, 1980:

One (1) 1978 CaseModel 580–C Tractor/Loader/Backhoe, Serial Number 8966113

One (1) 1978 General 9 DOW Lowboy Trailer, Serial Number 9D7853

One (1) Ford Single Axle Dump Truck, Model 611C, Serial Number F61CCE2229

One (1) 1978 Case 580C Tractor/Loader/Backhoe Serial # 8972520 with extenda Hoe and 4 in 1 Bucket

One 1978 Case 380 General Purpose Tractor Serial # 11009879

One (1) Case 450E Crawler/Dozer Serial # 3066895 with Power Angle Tilt

Failure to deliver said security by 5:00 P.M., July 29, 1980 will constitute a default of this agreed judgment and the settlement provisions of this paragraph and of paragraph three below will be null and void, entitling Plaintiff to immediate possession of said security and requiring said Defendants to immediately deliver said equipment to said Plaintiff at S. & H. Contractors, Walton, Kentucky. In addition, Plaintiff will be entitled to collect the full amount set forth in paragraph three below including interest, attorney fees, expenses, and court costs.

3. It is further agreed, ordered and adjudged, that Plaintiff shall recover of the Defendants, Weiss Machinery Corporation and Edward Weiss, the sum of $55,589.21 plus interest at the rate of 12% per annum from July 31, 1980 until paid, plus the additional sum of $2,800, attorney fees, plus miscellaneous expenses of $3,335.00 and court costs. This paragraph will be considered paid in full upon receipt by Plaintiff's counsel at 426 Bank Street, New Albany, Indiana 47150 of the sum of $55,589.21 on or before 12:00 Noon, the day of August 11, 1980. Upon receipt of said payment, Plaintiff will deliver a termination statement terminating Plaintiff's security interest in the following described equipment:

One (1) 1978 Case 580C Tractor/Loader/Backhoe Serial # 8974643 with Extenda-A-hoe, 4 in 1 bucket and enclosed cab

One (1) 1978 Case 450 Crawler Dozer Serial # 3067003 with Power Angle Tilt Blade, ROPS Canopy, Side Panels, and Lock-Up Kit

Failure to pay the sums set forth above, or to perform any part of this agreed judgment will constitute a default herein and the settlement provisions of this paragraph and paragraph two above will be null and void, entitling Plaintiff to collect the full amounts set forth above, including interest, attorney fees, expenses and court costs, and requiring said Defendants to immediately deliver possession of the equipment described above to Plaintiff at S. & H. Contractors, Walton, Kentucky.

4. It is further agreed, ordered and adjudged that the counterclaim of the Defendants against the Plaintiff is dismissed with prejudice."

*Record* at 68–69.

General Discount alleged that Weiss breached the provisions of the agreed judgment by failing to deliver certain pieces of equipment within the time frame specified, and General Discount filed a *motion* requesting the court to enter the agreed judgment and enforce its default provisions. The court sustained General Discount's motion and entered the agreed judgment.

Weiss filed a motion to correct errors after the court's entry of the agreed judgment. The motion was overruled, and the court entered an order entitling General Discount to recover $55,589.21 plus interest thereon at 12% per annum from July 31, 1980 until paid, plus attorney fees, expenses, and court costs. Weiss then filed a praecipe but failed to pursue the appeal.

Subsequently Weiss filed a petition for declaratory relief for an interpretation of the agreed judgment. The trial court entered the following findings and judgment:

"Comes now the plaintiff, by counsel, comes now the defendants, in person and by counsel, and both parties consent and agree to allow said defendants to file his [sic] Petition for Declaratory relief for the purpose of interpreting the Agreed Judgment in the above cause of action.

"And the Court having heard the evidence, and having taken this matter under advisement and reviewing the record, therefore being fully and sufficiently advised in the premises, now finds the following facts:

1. The Court finds that the above parties entered into an Agreed Judgment in the above cause said agreed judgment presented to the Court on or about the 29th day of August, 1980.

2. The Court further finds that, pursuant to said Agreed Judgment, the plaintiff has received the sum of Twenty One Thousand Eight Hundred Forty Four and Eighty Three Cents ($21,844.83) from the defendants, in full satisfaction of a debt owed to plaintiff by said defendant, as evidenced by Exhibits 'a' through and including 'e'.

3. That the Court further finds that in exchange for said sum, the plaintiff has delivered unto said defendants the certificates of title on equipment described in Exhibits 'a' through 'e'.

4. The Court further finds that on July 28, 1980, and on July 29, 1980, the defendants delivered the following described security unto plaintiff:

1. One (1) 1978 Case Model 580–C Tractor/Loader/Backhoe, Serial Number 8966113

2. One (1) 1978 General Nine (9) Dow Lowboy Trailer, Serial Number 9D7853

3. One (1) 1969 Ford Single Axle Dump Truck, Model 611C, Serial Number F61CCE02229

4. One (1) 1978 Case 580C Tractor/Loader/Backhoe, Serial Number 8972520 with extenda Hoe and Four (4) in One (1) Bucket

5. One (1) 1978 Case 380C General Purpose Tractor, Serial Number 11009879

6. One (1) Cast [sic] 450E Crawler/Dozer, Serial Number 3066895 with Power Angle Tilt

5. The Court further finds that the delivery of the above described equipment is in substantial compliance with the purpose of said agreed judgment, executed between the parties.

6. The Court further finds that, at the time said defendants delivered unto said plaintiff the one (1) 1978 Cast [sic] 580C Tractor/Loader Backhoe, Serial Number 8972520 with extenda hoe and four (4) in One (1) Bucket, said defendants, by a good faith mistake, tendered unto said plaintiffs [sic] two (2) additional buckets, other than the original Four (4) in One (1) Bucket.

7. The Court further finds that the defendants, by good faith mistake, had failed to deliver said Four (4) in One (1) Bucket/Loader bucket unto the Plaintiff due to the fact that said Four (4) in One (1) Bucket had been repossessed from a third party, and subsequently was put into defendants' inventory, without the knowledge of said defendant, Edward Weiss.

8. The Court further finds that, upon knowledge and notice unto said defendants of the mistaken Four (4) in One (1) Bucket, that said defendants sent and delivered the proper Four (4) in One (1) Bucket unto said plaintiff on September 8, 1980.

9. The Court further finds that said defendants replaced the proper Four (4) in One (1) Bucket without any formal judicial process brought by said plaintiff against said defendants to compel same.

10. The Court further finds that the mistake, concerning the delivery of the Four (4) in One (1) Bucket by the defendants was rectified by said defendants within forty (40) days of the initial delivery.

11. The Court further finds that said plaintiff has failed to show any immediate or substantial loss incurred by the failure of defendants to deliver the said Four (4) in One (1) Bucket prior to September 9, 1980.

12. The Court further finds, that pursuant to the Agreed Judgment between the parties, the defendants offered to tender unto the plaintiff and plaintiff's counsel, a bank draft in the amount of Fifty Five Thousand Five Hundred Eighty Nine Dollars and Twenty One Cents ($55,589.21) prior to August 11, 1980, per the Agreed Judgment.

13. The Court further finds that on or before August 11, 1980, the plaintiff, con-

trary to the Agreed Judgment, wrongfully failed to accept the defendants' tender of the Fifty Thousand [sic] Five Hundred Eighty Nine Dollars and Twenty One Cents ($55,589.21) bank draft in breach of the Agreed Judgment.

14. The Court further finds that the plaintiff, in breach of said Agreed Judgment, wrongfully failed to deliver a termination statement terminating plaintiff's security interest in a certain 1978 Case 580C Tractor/Loader/Backhoe, Serial Number 8974643 with Extenda-A-Hoe, four (4) in one (1) bucket and enclosed cab; and a certain 1978 Case 450 Crawler Dozer, Serial Number 3067003 with Power Angle Tilt Blade, Rops Canopy, Side Panels, and Lock-up Kit, at said time on or before August 11, 1980, when defendants offered the tender of said bank draft unto said plaintiff.

15. The Court further finds that on or about November 7, 1980, said defendants deposited with the Clerk of Delaware County, the amount of Fifty Five Thousand Five Hundred Eighty Nine Dollars and Twenty One Cents ($55,589.21) as a bond for said amount which was wrongfully refused by said plaintiff, on or about August 11, 1980.

16. The Court further finds that said bond posted with the Clerk of Delaware County, was subsequently ordered released unto the possession of said plaintiff.

17. The Court finds that, as delineated above, both parties have been in breach of the Agreed Judgment.

18. The Court further finds that the extent of nonperformance by the defendants, under the Agreed Judgment is minor when weighed in light of the full value of performance tendered by said defendants unto the plaintiff.

19. The Court further finds that the extent of nonperformance by the defendants under the Agreed Judgment did not defeat the purpose of said Agreed Judgment.

20. The Court further finds that the defendants were not guilty of a willful, deliberate or intentional breach of said Agreed Judgment.

21. The Court further finds that the plaintiff's breach of said Agreed Judgment was substantially greater than that of the defendant's [sic] breach of said Agreed Judgment.

22. The Court further finds that said defendants substantially performed their duties and obligations as required by said Agreed Judgment.

23. The Court further finds that the defendants substantially complied with their duties and obligations as required by said Agreed Judgment.

24. The Court further finds that in light of the circumstances as delineated above, that said plaintiff is entitled to Twelve percent (12%) interest on the amount of Fifty Five Thousand Five Hundred Eighty Nine Dollars and Twenty One Cents ($55,589.21) from the period of August 11, 1980 to November 7, 1980, the time which defendants deposited said bond with the Clerk of the Court.

25. The Court further finds that the amount of the interest to be paid by said defendants unto said plaintiff during this period is in the amount of One Thousand Six Hundred Sixty Seven Dollars and Sixty Eight Cents ($1,667.68).

26. The Court further finds that said defendants shall tender unto said Plaintiffs [sic] the amount of Three Thousand ($3,000.00) Dollars for attorneys [sic] fees, miscellaneous expenses and other costs incurred by said Plaintiffs [sic].

27. The Court further finds that the Plaintiffs [sic] shall tender unto the defendants the two (2) buckets in Plaintiff's possession at that time which the defendants tender unto said Plaintiffs [sic] the amount of One Thousand Six Hundred Sixty-seven Dollars and Sixty-eight Cents ($1,667.68) in interest and Three Thousand ($3,000.00) Dollars for attorney's fees, miscellaneous expenses, and other costs.

28. The Court further finds that the above delineated relief is to be the full and complete relief of the parties under the circumstances of performance pursuant to the agreed judgment.

29. The Court further finds that said Plaintiff is not entitled to full relief as requested by the Plaintiff from the defendant, as said full relief would be unequitable and unreasonable under the circumstances of performance by the parties pursuant to the Agreed Judgment.

"IT IS THEREFORE NOW ORDERED, ADJUDGED AND DECREED by the Court, on judgment upon said findings, the following:

1. That the amount of the interest to be paid by said defendants unto said plaintiff during this period is in the amount of One Thousand Six Hundred Sixty Seven Dollars and Sixty Eight Cents ($1,667.68).

2. That said defendants shall tender unto said Plaintiffs [sic] the amount of Three Thousand ($3,000.00) Dollars for attorneys [sic] fees, miscellaneous expenses and other costs incurred by said Plaintiffs [sic].

3. That the Plaintiffs [sic] shall tender unto the defendants the two (2) buckets in Plaintiff's possession at that time which the defendants tender unto said Plaintiffs [sic] the amount of One Thousand Six Hundred Sixty Seven Dollars and Sixty Eight Cents ($1,667.68) in interest and Three Thousand ($3,000.00) Dollars for attorney's fees, miscellaneous expenses and other costs.

4. That the Plaintiff shall tender and deliver unto defendants a termination statement terminating Plaintiff's security interest in a 1978 Case 580C Tractor/Loader/Backhoe Serial Number 8974643 with Extenda-A-Hoe, Four (4) in One (1) Bucket and enclosed cab; and a 1978 Case 450 Crawler Dozer Serial Number 3067003 with Power Angle Tilt Blade, ROPS Canopy, Side Panels, and Lock up Kit, at that time which the defendants tender unto the said Plaintiff the amount of One Thousand Six Hundred Sixty Seven Dollars and Sixty Eight Cents ($1,667.68) in interest and Three Thousand ($3,000.00) Dollars for attorney's fee, miscellaneous expenses, and other costs.

"Costs versus the defendants.

"So ordered this 3rd day of August, 1981."

*Record* at 158–162.

■ General Discount brought this appeal from the above order alleging that the entry of the agreed judgment constituted the final, appealable judgment in this case, and the petition for declaratory relief was an improper action. However, this argument appears for the first time in General Discount's brief on appeal. No mention is made in its motion to correct errors that the order was the result of an improper action. Failure to include an issue in the motion to correct errors waives that issue on appeal.

Ind.Rules of Procedure, Trial Rule 59(D); Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

Furthermore, General Discount did not object to the petition for declaratory relief either before or during the proceedings. The trial court found that the parties consented to the action and the record discloses that during the hearing, counsel for General Discount stated:

"Now the Defendant has gone and gotten another attorney and come up with this declaratory action which is not, in my legal opinion, has not been properly brought before the Court, ah-h-h, *but in an effort to resolve this matter, we've—we've permitted it to occur.*" (Emphasis added.)

*Record* at 241–242.

General Discount cannot allege at this point in time that the action was error.

■ General Discount also contends that the agreed judgment required complete compliance with the terms thereof and it was error for the trial court to measure the compliance of the parties by a standard of "substantial compliance." To support this argument, General Discount cites cases which hold that consent judgments cannot be attacked by the parties who consented.

Weiss did not once dispute the content of the agreed judgment. Rather, Weiss sought an interpretation of the judgment and whether there had been compliance. Courts of this state have for a very long time had the power, both inherent and stat-

utory, to entertain actions to determine whether a judgment has been carried out and satisfied. *Wilson v. Wilson* (1976), 169 Ind.App. 530, 349 N.E.2d 277. This is precisely what Weiss petitioned the court for: a determination of exactly what the judgment meant and whether it had been complied with.

Agreed judgments have been characterized by Indiana courts as being contractual in nature. A consent judgment does not represent the judgment of the court. The court merely performs the ministerial duty of recording the agreement of the parties.

> *See State v. Heslar, Extrx.* (1972), 257 Ind. 625, 277 N.E.2d 796; *State v. Huebner* (1952), 230 Ind. 461, 104 N.E.2d 385.

Contract law has long recognized substantial performance rather than strict performance as being sufficient in many contractual situations. We see no reason why the standard should not be applied to the contractual situation of a consent judgment.

In the case at bar the trial court found that the nonperformance by Weiss was minor, was not willful, and did not defeat the purpose of the judgment. In fact, the court found that both parties had breached the agreed judgment and the nonperformance by General Discount was substantially greater than that of Weiss. This is a prime example of a situation where a court has correctly applied the factors in determining whether the doctrine of substantial compliance is appropriate and has reached the correct result.

For the foregoing reasons, the trial court is affirmed.

Affirmed.

GARRARD, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent from the Majority Opinion for the following reasons:

(1) It permits a collateral attack on a final judgment by conferring jurisdiction upon the trial court where none exists. This is accomplished by violating legislative policy under the Declaratory Judgment Act and by permitting an appeal of an agreed judgment containing non-judicial determinations.

(2) It applies the contract theory of substantial performance to a final agreed judgment which was never intended by the Indiana Supreme Court.

(3) It erodes and undermines the sacred and cardinal principle of finality which is the keystone to any meaningful system of justice.

The Majority Opinion has permitted a collateral attack upon a final agreed judgment where none is permitted. It has permitted the parties by agreement to confer jurisdiction upon the trial court under the Declaratory Judgment Act where none exists. The Indiana Legislature never intended the review of final judgments under the Declaratory Judgment Act. Ind.Code 34–4–10–1 to 16, 10 I.L.E. *Declaratory Judgments* § 11 (1958); *Powell v. Madison Safe Deposit & Trust Co.* (1935), 208 Ind. 432, 196 N.E. 324. The purpose of the Declaratory Judgment Act was to furnish a remedy where none had previously existed.[1] Where an actual controversy existed as to the rights and duties of parties under a contract, ordinance, or statute, those rights and duties can be determined in the form of a judgment for the future actions of the parties. Here, the Majority has not only permitted an interpretation of a final judgment under the Declaratory Judgment Act, but an appeal of the final judgment as well. Other remedies are available. *Rainwater v. Merriman* (1957), 127 Ind.App. 520, 142 N.E.2d 467.

A remedy was available to Weiss under the Ind.Rules of Procedure, Trial Rule 60(B)(7) which provides:

> "(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. on motion and upon such terms as are just the court may relieve a party or his

1. *State v. Brennan* (1952), 231 Ind. 492, 109 N.E.2d 409.

legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

* * * * * *

"(7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; . . ."

Weiss has spurned and ignored the Ind. Rules of Trial Procedure. Litigants can not agree to follow the Rules only when it is convenient or when it suits their particular purpose. All litigants and courts in Indiana are bound to follow the Rules and statutory provisions when they are applicable. Here, the Declaratory Judgment Act and the policy of the Indiana Legislature clearly excluded an interpretation of a final judgment. Another remedy, TR. 60(B)(7) was available. *Rainwater v. Merriman, supra.*

When the agreed judgment was entered by the trial court, it was conclusive as an adjudication between the parties. As our Supreme Court noted in *State v. Huebner* (1952), 230 Ind. 461, 104 N.E.2d 385, 388:

"That the judgment was rendered by consent of the parties does not detract from its dignity, or lessen its conclusiveness as an adjudication between the parties, but the consent is a waiver of error precluding a review upon appeal." (Citations omitted.)

The Supreme Court further explained why an agreed judgment can not be appealed:

"Such a decree does not represent the judgment of the court. It is merely the agreement of the parties, consented to by the court. Because it is not a judicial action it may not be appealed. On appeal the action of a lower court is reviewed to determine whether it committed error. If an appeal should be allowed from a consent decree, the appellate court would examine the record not to determine whether the lower court committed error, but to determine whether or not the parties erred in making the stipulation or in giving their consent thereto. Appellate courts do not have such authority. *McNelis v. Wheeler,* 1947, 225 Ind. 148, 153, 73 N.E.2d 339, supra. *Bergman v. Rhodes,* 1929, 334 Ill. 137, 165 N.E. 598, supra."

*Id.* If the Indiana Supreme Court and the Indiana Court of Appeals do not have authority to review "whether or not the parties erred in making the stipulation or in giving their consent", it is difficult for me to understand how the trial court, ignoring the Ind.Rules of Trial Procedure and the policy of the Declaratory Judgment Act, has the authority.[2]

When the agreed judgment was entered, Weiss received a substantial benefit. At page 21 of the Appellant's Brief, it states:

"Paragraph 3 of the agreed judgment further states that General Discount would recover of the defendants, Weiss Machinery Corporation and Edward Weiss, the sum of $55,589.21 plus interest at the rate of 12% per annum from July 31, 1980, until paid, the additional sum of $2,800.00 attorney's fees, plus miscellaneous expenses of $3,335.00 and court costs (R.A., p. 69). These sums and any subsequently incurred attorney's fees, expenses, and court costs, were to be waived if the Appellees totally complied with the terms and provisions of the agreed judgment by delivery of the equipment and payment of the $55,589.21 within the time frame set forth therein.

**2.** The Majority Opinion refers to the inherent power of the court and cites *Wilson v. Wilson* (1976), 169 Ind.App. 530, 349 N.E.2d 277. However, the *Wilson* case is not authority for this proposition. The *Wilson* case was decided under the authority of Ind.Rules of Trial Procedure, Trial Rule 60(B)(7). In *Wilson*, the Court stated:

"We hold that the trial court had jurisdiction to consider the petition for an interpretation of its judgment and to consider the petition as one seeking relief pursuant to TR. 60(B)(7) or TR. 13(M), and this cause was not barred by IC 1971, 33–1–6–3."

*Wilson, supra* 349 N.E.2d at 280. The inherent power statement may be found in dictum used by the *Wilson* case where *Wabash Railway Co. v. Todd* (1916), 186 Ind. 72, 113 N.E. 997 is cited. *Id.*

The second full literary paragraph of section 3 of the agreed judgment stated that:

> 'Failure to pay the sums set forth above, *or to perform any part of this agreed judgment* will constitute a default herein and the settlement provisions of this paragraph and paragraph 2 above will be null and void, entitling plaintiff to collect the full amounts set forth above, including interest, attorney's fees, expenses and court costs, and requiring said defendants to immediately deliver possession of the equipment described above to plaintiff at S and H Contractors, Walton, Kentucky. (R.A., p. 69; Emphasis Added.)' " (Emphasis original; parentheses original.)

and again at page 26:

> "The terms and provisions of the agreed judgment (R.A., p. 68–71) and the minute entry of the Circuit Court (R.A., p. 62) clearly indicate that the Appellees have received a benefit by virtue of the agreed judgment. They paid to counsel for General Discount the sum of $21,-844.83 on the 21st of July, 1980. Thereafter, General Discount delivered to the Appellees certificates of title on certain equipment, free of lien. Therefore, the Appellees have accepted the benefits of the agreed judgment in recognition of its terms and provisions. Under the authorities cited above, they are precluded from challenging the terms and provisions thereof." (Parentheses original.)

When the parties have actively participated in drafting an agreed judgment and one of the parties has benefited from the entry of the judgment, there can be no collateral attack on the agreed judgment. The benefited party is estopped from attacking the final judgment except as may be provided by the Ind.Rules of Trial Procedure. *State v. Helslar* (1972), 257 Ind. 625, 277 N.E.2d 796.

The Indiana Supreme Court never intended that the standard of substantial compliance should be wrenched from its comparative analysis in *Helslar* and *Huebner* and

used to determine whether a judgment has been satisfied. In *Helslar*, Justice Hunter was making a comparative analysis with the Court's position in *Huebner*. He was pointing out that *Helslar* did not involve a consent or agreed judgment. He stated:

> "*Huebner* involved a consent decree in which the parties together stipulated the finding of facts and the conclusions of law and handed these stipulations to the judge in open court evidenced by the written O.K. of their attorneys of record. This Court felt that in such an instance the judge was not called upon to perform a judicial act but his function was only ministerial. Such an agreement was considered a *contract* which did not represent the judgment of the court but merely recorded the agreement of the parties with respect to all rights and matters in that litigation, and as such was not reviewable by appeal. This was clearly not the situation in the instant case." (Emphasis original.)

*State v. Helslar, supra,* 277 N.E.2d at 797. This comparative analysis by Justice Hunter was used to explain why an appeal may not be taken from an agreed judgment in the absence of fraud. As *Huebner* emphasized, it was the parties' lawsuit and their judgment. There was no judicial action, except mere ministerial action, taken by the trial court for a review; therefore, the parties waive an appellate review of the agreed judgment.

> "Since the written instrument in question was but an agreement on a stipulation of facts and conclusions of law that the parties plaintiff and defendant each for himself and itself understandingly entered into, by and through their respective attorneys at law, neither, except for fraud, can attack the action which they have caused the court to take. That there may have been errors in the agreed stipulation of facts or in the agreed conclusions of law cannot matter now for the parties had a right to make the stipulations as they desired. It was their lawsuit...." (Citation omitted.)

*State v. Huebner, supra,* 104 N.E.2d at 388. It is totally incorrect to glean from this comparative analysis that the contract theory of substantial performance may be applied to determine the satisfaction of an agreed judgment. It is equally incorrect to glean from this comparative analysis that an appeal may be had at the trial level for an interpretation of the judgment and that the trial court's interpretation may be reviewed by the Court of Appeals. Quite clearly, the rule that an agreed judgment may not be appealed is made meaningless if the procedure proposed by the Majority Opinion is allowed to stand unchallenged.

The Majority Opinion erodes and undermines the sacred, cardinal principle of finality which is the keystone of our judicial system. At some point, litigation must be finalized. Traditionally, the conclusion of litigation has meant a final judgment. Litigants should be encouraged to settle their controversies by agreed judgments. But, when litigants exclude the participation of the trial court and with the assistance of legal counsel prepare their final determination of the controversy, they should not be permitted to appeal to the courts to correct their errors or misunderstandings. If interpretation, review, and appeal of the agreed judgment are permitted, the entire purpose of agreed judgments is defeated. Instead of lessening the amount of litigation in our courts, we have increased it manyfold. If a final agreed judgment is not final, res judicata and other sacred rules used to terminate and conclude litigation are in jeopardy.

I would reverse the judgment of the trial court.