No. 16,550.

THE INDIANAPOLIS, DECATUR & WESTERN RAILWAY COMPANY
ET AL. *v.* SANDS ET AL., TRUSTEES.

JUDGMENT.—*Decree.—Form of Agreed to.—Binding Effect of.—Waiver of Defects in Evidence.—Waiver of Defects in Complaint.—Judgment Extra-Judicial. —Fraud.—Mistake.*—Where all the parties to a cause of action are in court, and enter into an agreement as to the form in which a decree shall be entered, and the decree is entered in pursuance of such agreement, the decree is valid, and binds the parties to the judgment. It matters not whether the evidence in the record supports the finding, for the parties have supplied and waived all defects in the evidence by their agreement that judgment shall be entered in a certain form; and where a judgment has been thus entered, and it is not in strict compliance with the complaint, all right to question the validity of the complaint has been waived, and the judgment, in so far as it does not exceed the jurisdiction of the court, will be valid, and can not be changed or modified, except on proof of fraud, by which a party was induced to enter into such agreement, or mistake in the form of such decree.

SAME.—*Agreement as to Form.—Endorsement of the Abbreviation "O. K." with Signatures.—Effect of.*—Where the parties to an action agreed as to the form in which a decree should be entered, and a form was drafted and submitted to counsel, who, acting for their clients, endorsed thereon the letters "O. K.," and signed their names, such endorsement was an assent to the decree as drafted, and was binding on the attorneys' clients.

From the Marion Superior Court.

*H. Crawford, N. C. Butler, F. Winter, J. B. Elam,* and *W. R. Crawford,* for appellants.

*A. L. Mason, J. E. Risley, J. M. Bowers,* and *R. B. F. Peirce,* for appellees.

OLDS, J.—This suit was brought by Sands and Peirce, trustees, in the Marion Superior Court, to enforce the security of a first mortgage, executed in 1875, by the Indianapolis, Decatur & Springfield Railway Company—a consolidated corporation, existing under the laws of Indiana and Illinois—to Emott and Crane, trustees. Emott died and Sands was duly appointed his successor as trustee, and

Crane died, and Peirce was duly appointed his successor as trustee. This mortgage was made to secure bonds to the amount of $1,800,000.

Besides the original grantor in the trust deed, the Indianapolis, Decatur & Western Railway Company was made defendant as the holder of the legal title to the mortgaged property. The Farmers' Loan and Trust Company, and Noble C. Butler, trustees in certain junior mortgages, were also made defendants, as well as some other parties. A final decree was rendered in favor of the appellees; the nature of the decree, we need not here mention. The Indianapolis, Decatur & Western Railway Company took a separate appeal to the general term of the Marion Superior Court, as did the Farmers' Loan and Trust Company and Noble C. Butler, trustees. The Superior Court in general term affirmed the judgment of the court in special term, and separate appeals were prayed by the Indianapolis, Decatur & Western Railway Company, and the Farmers' Loan and Trust Company and Butler, trustees, and each assign errors separately, alleging that there is error in the ruling of the court at general term in affirming the judgment of the court at special term.

In the consideration of the case on this appeal, we are met at the threshold with the proposition that the decree in the case was entered by agreement and consent, at least in so far as appellant, the Indianapolis, Decatur & Western Railway Company, is concerned, and so far as the other appellants are concerned, they consented to the form, if not to the substance, of the decree; and it is urged on the part of the appellees that, such being the fact, the judgment must be affirmed without considering the merits of the case, while the counsel for appellants contend that the judgment is not a judgment by consent or agreement of the parties, and that even conceding the judgment to have been rendered by agreement and consent, the consent could not augment the jurisdiction of the court, or author-

The Indianapolis, Decatur & Western Ry. Co. *et al. v.* Sands *et al.*, Trustees.

ize it to exceed its jurisdiction, and that the judgment rendered exceeds the jurisdiction of the court. As to the first proposition, we have no doubt. That the record showed a judgment by the consent and agreement of certain of the parties, including the Indianapolis, Decatur & Western Railway Company, there can be no question. There appears in the record, next preceding the judgment, a written agreement, signed by the appellees by their attorneys, and by the attorneys representing the Indianapolis, Decatur & Springfield Railway Company and the Indianapolis, Decatur & Western Railway Company, for said defendants, and by the First National Bank of Indianapolis, by its attorneys; in which agreement it is expressly stipulated and agreed as follows:

"It is hereby stipulated and agreed between the undersigned parties hereto, by their respective attorneys, that judgment shall be rendered herein in favor of the abovenamed plaintiffs, upon the 23d day of June, 1891; and it is further stipulated and agreed by and between the said parties, as above, that the form of the decree to be entered in pursuance of the first clause of this stipulation shall be and is as annexed hereto; and it is further stipulated and agreed that such change, if any, as this court shall see fit to make in the form of the annexed decree, on the application of R. L. Ashhurst, trustee, or any other parties not signing this stipulation, shall be made without prejudice to this stipulation, which shall stand as to the decree thus altered against all parties signing this stipulation."

This agreement is dated and signed February 26, 1891. As it appears, the agreement was signed on the 26th day of February, and it was stipulated therein that the judgment should be rendered on the 23d day of June, 1891.

The record shows that on the 23d day of June, 1891, the day named in the agreement for the rendition of the judgment, the agreement and the decree were entered of record; and it nowhere appears that the decree, as entered,

The Indianapolis, Decatur & Western Ry. Co. *et al. v.* Sands *et al.*, Trustees.

was other than the one agreed to, or that it was in any way modified by the court. It is true that after the record shows the entering of the decree, it then shows the filing of the motion, by the appellants, to modify. That an appeal may be taken under the statute in such a case, we do not question. But the record, as we interpret it, clearly showing that the judgment from which the appeal is taken, was rendered by the consent and agreement of the parties, the question is presented as to whether or not this court will affirm the judgment without considering the merits of the cause, or will proceed to determine the questions presented, the same as if there had been a good-faith controversy between the parties in the court below, and the judgment had been rendered by the court without any consent or agreement of the parties.

We think the cause, as to the parties entering into the agreement and consenting to the judgment, should not be considered on its merits, but should be affirmed, and this conclusion, we think well supported by many well-settled rules in addition to, and independent of, the decisions holding that a case will not be considered on its merits when a consent decree is entered. It is a rule too well settled to require the citation of authority, that, if a party induces a court to make a ruling on the trial of a cause admitting incompetent evidence, he can not be heard to complain if the court adheres to the same ruling, and admits incompetent evidence in behalf of his adversary; that the erroneous ruling being made at his instance, he will be bound by the application of the same rule throughout the case, and this court will not reverse the judgment, though the ruling be erroneous. The investigation goes only far enough to ascertain that the ruling was made at the instance of the complaining party.

It is alike a well-settled rule that if one consents, or even does not object, when he has an opportunity to do so, to the

The Indianapolis, Decatur & Western Ry. Co. *et al.* *v.* Sands *et al.*, Trustees.

introduction of improper evidence, he can not afterwards predicate error on a motion to strike it out.

These rulings are grounded in principle. They are consistent with our practice requiring exceptions to be taken to a ruling at the time. A party can not, by request or by his consent, induce the court to make a ruling or enter a judgment which is erroneous, and then immediately challenge it as erroneous, and procure a reversal on account of a ruling or an act done by the court at his instance or with his consent. It is but fair to the court, and but just to the adverse party, to require a party contesting a case to object to a ruling made against him at the time, or withhold his consent to the rendition of a judgment, if he desires to question its validity, and is unjust and unfair to hold that a party may induce and consent to a ruling or a judgment, and then secure a reversal on account of that being done which he requested, or joined in requesting, should be done.

The presumption is that the court would have rendered a legal and valid judgment within the issues in the case; but here is a case presented where it is shown that the court yielded to the request of the parties and rendered such a judgment in manner and form as the parties agreed to, and now one of them is asking to be relieved from an error which it made in its agreement and induced the court to acquiesce in.

It is a well-settled rule that a judgment entered by agreement by a court of general jurisdiction, having power in a proper case to render such a judgment, and having the parties before it,will bind those by whose agreement it is entered notwithstanding the pleadings would not, in a contested case, authorize such a judgment. *Fletcher* v. *Holmes*, 25 Ind. 458.

When a judgment is rendered by agreement, it is immaterial to determine on appeal the question as to whether or not the complaint is sufficient, for if the judgment be one which the court had the right to render, and the parties are

The Indianapolis, Decatur & Western Ry. Co. *et al. v.* Sands *et al.*, Trustees.

in court, the judgment would be valid, and if by the consent of the defendant, or induced by the parties, the court exceeds its jurisdiction, the judgment may be void in so far as it exceeds jurisdiction, but we see no reason why a defendant should question on appeal such ruling any more than any other erroneous ruling he induces the court to make. He has agreed to the judgment, he is bound by it, and it should stand with whatever validity it may possess.

In *Pacific R. R. Co.* v. *Ketchum*, 101 U. S. 289 (295), the court holds that an appeal will lie as a matter of right under the statute, and thus says:

"If, when the case gets here, it appears that the decree appealed from was assented to by the appellant, we can not consider any errors that may be assigned which were in law waived by the consent, but we must still receive and decide the case."

In *Moblock* v. *Mueller*, 123 Ill. 554–565, the court says: "Decrees of courts of clemency, in respect of matters within their jurisdiction, are as binding and conclusive upon the parties and their privies as are judgments at law, and a decree by consent in an amicable suit has been held to have an additional claim to be considered final.  *  *  * Decrees so entered by consent can not be reversed, set aside or impeached, by a bill of review, or a bill in the nature of a bill of review, except for fraud, unless it be shown that the consent was not in fact given, or something was inserted, as by consent, that was not consented to." It is further said: "It is the general doctrine that such decree is not reversible upon appeal or writ of error, or bill of review for error."

The court in this case undoubtedly had jurisdiction of the parties and the subject-matter, at least in so far as it related to the portion of the railroad property situate in Indiana, and might have rendered some valid judgment, and, if it be conceded that it is a fact that the judgment rendered is broader, and to some extent without the limits of

The Indianapolis, Decatur & Western Ry. Co. *et al. v.* Sands *et al.*, Trustees.

the allegations of the complaint, or in other words, a judgment in some respects not within, or authorized by, the strict averments of the complaint, it can make no difference, as the defendants might—as they did by their agreement— waive the rendition of a judgment in strict compliance with the averments of the complaint; and by doing so they have waived any right to question the validity of the complaint. The judgment having been entered upon and in pursuance of an agreement of the parties, the particular averments of the complaint are not material, as well as the form of the decree and the evidence necessary to support it. By the agreement "that judgment shall be rendered herein in favor of the above named plaintiffs," the defendants signing the agreement, or consenting to the judgment, confess their liability, and the plaintiffs' right to a judgment, and further in this case, by the same agreement, they stipulate what the terms shall be, and in what language the judgment or decree shall be entered, requesting the court to have the decree entered in the particular language in which it is entered. After this has been done, it is manifest that no party to such agreement can or ought to be permitted to have the decree modified or changed without showing some fraud or mistake by which he was induced to enter into the agreement, and ask the court to enter the decree, or without showing some valid reason why he should be relieved from it. To sustain a motion to change or modify a decree thus agreed to and ordered entered of record by the court, in pursuance of such request or consent, is to say that parties may, by their agreement, request, or consent, induce the court to make a ruling or enter a judgment in particular form and language, and then complain that the court erred in doing what they consented, agreed, and requested it to do. Such a doctrine is at war with all the rules of practice in this State.

It matters not whether the evidence in the record supports the finding, for the parties have supplied and waived

The Indianapolis, Decatur & Western Ry. Co. *et al. v.* Sands *et al.*, Trustees.

any defects in the evidence, by their agreement that judgment shall go in favor of the plaintiffs below.

We think that the Farmers' Loan and Trust Company and Butler, trustees, occupy the same relation to this record as does the other appellant. Instead of signing the written agreement that the decree should be entered in the manner the others signed it at the close of the agreement, the bill of exceptions—made a part of the record at their request—presenting the ruling on the motion to modify the decree, shows that on the 26th day of February, 1891, the cause was submitted to the court for trial, pending which, at the conclusion of the evidence, a form of decree was prepared to be entered therein by consent of plaintiffs' counsel, and a stipulation was entered into in writing, between the plaintiff and the counsel for certain defendants, by whom the same was signed; which said decree, with said stipulation attached thereto, was submitted, by counsel for plaintiff, to Winter & Elam, who appeared as counsel in the cause, and who endorsed on said decree the following: " O. K.," " Winter & Elam." Said decree, with said endorsement and stipulation, was thereupon placed in the possession of the court, which, pursuant to said stipulation, continued said cause under advisement until the 23d day of June, 1891, being the twentieth judicial day of the June Term, 1891, of the court, when the court announced its finding in said cause, as the same is particularly set out in said decree, and that it would enter said decree as the judgment and decree of the court in said cause. Then followed the filing of the motion to modify the judgment.

The record shows that Winter & Elam were the attorneys who filed the answer for, and were representing, these appellants in said cause in the Superior Court.

Thus by the record it is as clearly shown, as it well can be, that these appellants, by their attorneys, agreed to the rendition of the judgment and entering of the decree as entered. The agreement and the decree were drawn up and

The Indianapolis, Decatur & Western Ry. Co. *et al. v.* Sands *et al.*, Trustees.

signed by the other defendants, and handed to them, and they signified their consent to the agreement by endorsing it " O. K.," and signing their names upon it; and the written stipulation and agreement in regard to the decree, with the endorsement of the attorneys for these appellants upon it, were handed to the judge near four months before the decree was entered, and, in pursuance with the agreement, the cause was continued until the date when it was stated in the agreement it should be entered of record. The court retained the decree until that date, and then ordered it entered of record, in pursuance with the agreement and consent of the parties.

The abbreviations " O. K." have a well-defined meaning, and signifies " all right," " correct." See the Century Dictionary. The connection in which it was used must be taken into consideration. In this case a trial was in progress, and when the evidence was concluded, an endeavor was made between the counsel in the case, acting for their respective clients, to enter into an agreement in regard to the final judgment that should be entered by the court, and an agreement was drafted, together with a final decree to be entered. It was signed by some of the parties, and the attorneys for these appellees indorsed it " O. K.," and signed their names, and it was handed to the judge. As it seems to us, but one inference could be drawn, and that is that the decree as drafted to be entered was all right, and they were giving their consent to the entry of the decree as prepared, and the court had the right to so regard it and order the decree entered at the date agreed upon, which it did. Taking the view of the case which we do, the judgment must be affirmed without considering the merits of the case. If the judgment entered by such agreement was entirely extra-judicial, and beyond the jurisdiction of the court entering it, so that it would be absolutely void, it is possible this court should intervene and set it aside; and, yet, it would seem—even in such a case, when a

The Indianapolis, Decatur & Western Ry. Co. *et al. v.* Sands *et al.*, Trustees.

court had acquiesced and rendered a void judgment, on the agreement of the parties—that a party to the agreement is in no position to reverse it on appeal, and have the act of the court, which he instigated, set aside as erroneous, but we do not regard such a question involved in this case. If the question was presented—when the right was contested between the parties, the grantor and grantee in a trust deed, or mortgagor and mortgagee of a railroad extending into another State, in a case where the instrument is made to a trustee with power to sell and apply the proceeds to the payment of the bonds secured as in this case—whether or not the court could authorize the sale by the trustee under the authority in the deed of trust, and as a special commissioner in the manner designated in the deed of trust, out of the State, or whether such a sale can only be made by the proper officer, on a certified copy of a decree of foreclosure, we would have a different question; but the question in this case is as to whether or not, when all of the parties are in court, and enter into an agreement that such a decree shall be entered, and it is entered in pursuance of such agreement, is such a decree valid, and does it bind the parties to the judgment? We think it is valid, and does bind the parties. See sections 3937, 3945, 3946, 3950, R. S. 1881; *Eaton, etc., R. R. Co.* v. *Hunt,* 20 Ind. 457; *Muller* v. *Dows,* 94 U. S. 444; *Farly* v. *Eller,* 29 Ind. 322; 2 Jones on Mortgages, section 1734; section 2969, R. S. 1881; *Farmers, etc., Co.* v. *Canada, etc., R. W. Co.,* 127 Ind. 250, and authorities there cited.

The conclusion we have reached leads to an affirmance of the judgment.

Judgment affirmed, with costs.

Filed November 28, 1892.