

FILED

Jun 17 2016, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Travis W. Montgomery
Parr Richey Obremskey Frandsen &
Patterson LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Benjamin D. Ice
William A. Ramsey
Barrett McNagny, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard C. Gallops and Patricia
A. Gallops,

*Appellants-Plaintiffs,*

v.

Shambaugh Kast Beck &
Williams, LLP,

*Appellee-Defendant.*

June 17, 2016

Court of Appeals Case No.
02A03-1509-CT-1401

Appeal from the Allen Superior
Court.
The Honorable Nancy Eshcoff
Boyer, Judge.
Cause No. 02D01-1206-CT-312

**Sharpnack, Senior Judge**

## Statement of the Case

[1] Richard C. Gallops and Patricia A. Gallops seek to appeal an agreed judgment claiming error in interlocutory orders entered by the trial court prior to the parties submitting the agreed judgment to the trial court who consented to it.

Because Indiana has long held that no appeal can be taken from an agreed judgment, we dismiss this appeal.

## Facts and Procedural History

[2] The Gallopses filed a legal malpractice action against the law firm Shambaugh Kast Beck & Williams, LLP. Shambaugh attorney Nathan Williams had defended the Gallopses against claims that they had breached various fiduciary duties while housing and caring for an elderly relative in her final years. Shambaugh filed an answer, affirmative defenses, and counterclaim (for unpaid attorney fees) in response to the Gallopses' complaint.

[3] Shambaugh filed a motion for summary judgment including an alternative motion for partial summary judgment on Shambaugh's comparative fault defense and counterclaim in addition to the Gallopses' claim for attorney fees (as damages for the alleged malpractice). After multiple extensions of time in which to respond to Shambaugh's motion, a dispute arose as to whether the Gallopses' response was timely filed.

[4] The trial court held oral argument on Shambaugh's motion to strike the Gallopses' response, on the Gallopses' motion to strike portions of an expert affidavit, and on the motion for summary judgment. The trial court struck the entirety of the Gallopses' response to Shambaugh's motion for summary judgment. The Gallopses' motion to strike portions of Shambaugh's expert's affidavit was granted in part and denied in part. The trial court then entered individual rulings on the motion for summary judgment as to each of the five

instances of malpractice alleged by the Gallopses. The trial court granted summary judgment in favor of Shambaugh on three of the five claims. Each of those determinations was based on the unrebutted testimony in the affidavit of Shambaugh's expert. The trial court found that genuine issues of material fact existed as to the remaining two claims even in the absence of materials in opposition. The trial court also denied summary judgment on Shambaugh's counterclaim and the Gallopses' inclusion of attorney fees as damages.

[5] The case proceeded on the remaining claims with each side filing motions to exclude certain expert testimony offered by the other. After a hearing on the motions, the trial court granted Shambaugh's motion and denied the Gallopses'. The Gallopses asked the court to certify its order for interlocutory appeal, but the trial court declined it. The Gallopses then sought relief from the court's order striking their response in opposition to summary judgment, including newly discovered evidence, but the trial court denied that request as well. The trial court denied the Gallopses' further request to certify its order for interlocutory appeal.

[6] The procedural posture of the case left the Gallopses with the belief that there was little chance of success at trial on their remaining claims. The parties entered into an agreed judgment, which the trial court accepted and entered as follows:

Agreed Judgment

Defendant Shambaugh, Kast, Beck & Williams, LLP ("Shambaugh Kast"), by counsel, and Plaintiffs Richard and

Patricia Gallops ("the Gallopses"), by counsel, submit their Agreed Judgment.

## I.

### Nature of an Agreed Judgment

"Absent a claim of fraud or lack of consent, a trial court must approve an agreed judgment." *City of New Haven v. Allen Cnty. Bd. of Zoning Appeals*, 694 N.E.2d 306, 310 (Ind. Ct. App. 1998) (citing *State v. Huebner*, 230 Ind. 461, 467, 104 N.E.2d 385, 387-388 (1952); *State ex rel. Prosser v. Ind. Waste Sys.*, 603 N.E.2d 181, 186 (Ind. Ct. App. 1992)). Here, the parties are submitting this Agreed Judgment, which has been reviewed and approved of by counsel for both parties. The parties acknowledge their consent to this agreement and state that no fraud has occurred. Therefore, as the Court of Appeals has explained, this Court "has only the ministerial duty of approving the agreed judgment and entering it in the record." *Id.* (citing *Mercantile Nat. Bank v. Teamsters Union*, 668 N.E.2d 1269, 1271 (Ind. Ct. App. 1996)). This Agreed Judgment "does not represent the judgment of the court," but is "an agreement between the parties, consented to by the court." *Id.*

## II.

### Agreed Judgment

Shambaugh Kast and the Gallopses hereby enter into an Agreed Judgment in favor of Shambaugh Kast and against the Gallopses under the following terms and conditions:

1.   The Trial Court in this matter has entered interlocutory orders that have made judgment in favor of Shambaugh Kast following a jury trial inevitable.

2.   The Gallopses have expressed the desire to conserve their resources, the resources of this Court, and the resources of Allen County jurors and avoid a trial that will result in a directed verdict following the Gallopses' presentation of evidence.

3.  Shambaugh Kast agrees that a defense verdict or directed verdict in Shambaugh Kast's favor would result were the parties to try this case as scheduled. Shambaugh Kast, therefore, consents to the Gallopses' preference of avoiding a jury trial and to the entry of judgment in Shambaugh Kast's favor without a jury trial.

4.  The parties, therefore, agree to the entry of judgment in Shambaugh Kast's favor under the following conditions:

    a.  A judgment in favor of Defendant Shambaugh Kast will be entered on the Court's docket as a final judgment.

    b.  This judgment will have the same effect as if the case had proceeded to trial as it is presently postured, a verdict had been arrived at by a jury on all presently pending claims, and the Court had then entered judgment in favor of Shambaugh Kast.

. . . .

ORDER OR JUDGMENT OF THE COURT

Parties have tendered an Agreed Judgment to the Court, along with a request that the Court consent to the Judgment. The Court signs and "consents" to the Agreed Judgment.

Appellants' App. pp. 8-10.

[7] The Gallopses have now initiated this appeal seeking to reverse the preliminary orders that preceded the agreed judgment.

# Discussion and Decision

[8] Although there are several issues presented in this appeal, we *sua sponte* raised an issue that is dispositive of this appeal; namely can a party appeal from an agreed judgment? After conducting our own research and considering the

additional briefing of the issue by the parties, we conclude that long standing precedent answers that question in the negative.

[9] In *State v. Huebner*, 230 Ind. 461, 467, 104 N.E.2d 385, 387 (1952), our Supreme Court held as follows:

> When, as in the instant case, the parties plaintiffs and defendants stipulate the finding of facts and the conclusions of law and hand these stipulations to the judge in open court, bearing the approval of each of the parties, evidenced by the written O.K. of their attorneys of record, the court is not called upon to perform a judicial act. The writing is in fact a consent finding and judgment, and the duty of the court is ministerial-to have the writing entered as agreed upon. *State ex rel. Harp v. Vanderburgh Circuit Court,* 1949, 227 Ind. 353, 360, 85 N.E.2d 254, 11 A.L.R.2d 1108; *McNelis v. Wheeler*, 1947, 225 Ind. 148, 153, 73 N.E.2d 339 and authorities there cited, supra.

> In the absence of fraud, parties who are competent to contract and not standing in confidential relations to each other may agree to the rendition of a judgment or decree respecting any right which may be the subject of litigation. When such a decree is entered it is a decree by consent. A consent decree is not a judicial determination of the rights of the parties. *It does not purport to represent the judgment of the court, but merely records the agreement of the parties with respect to the matters in litigation. Such decree cannot be reviewed by appeal.*

(emphasis added).

[10] This decision finds support in precedent. *See Indianapolis, D. & W. Ry. Co. v. Sands*, 133 Ind. 433, 32 N.E. 722, 724-25 (1892).

> In this case a trial was in progress, and, when the evidence was concluded, an endeavor was made between the counsel in the

case, acting for their respective clients, to enter into an agreement in regard to the final judgment that should be entered by the court, and an agreement was drafted, together with a final decree to be entered. It was signed by some of the parties, and the attorneys for these appellees indorsed it "O. K.," and signed their names, and it was handed to the judge. *As it seems to us, but one inference could be drawn, and that is that the decree as drafted to be entered was all right, and they were giving their consent to the entry of the decree as prepared, and the court had the right to so regard it, and order the decree entered at the date agreed upon, which it did. Taking the view of the case which we do, the judgment must be affirmed, without considering the merits of the case.* If the judgment entered by such agreement was entirely extrajudicial, and beyond the jurisdiction of the court entering it, so that it would be absolutely void, it is possible this court should intervene and set it aside; and yet it would seem that, even in such a case, when a court had acquiesced and rendered a void judgment on the agreement of parties, a party to the agreement is in no position to reverse it on appeal, and have the act of the court which he instigated set aside as erroneous.

(emphasis added).

[11] We have followed this precedent in various appeals since then. *See Pond v. McNellis*, 845 N.E.2d 1043 (Ind. Ct. App. 2006), *trans. denied*; *City of New Haven v. Allen Cnty Bd. of Zoning Appeals,* 694 N.E.2d 306 (Ind. Ct. App. 1998); *Mercantile Nat'l Bank of Indiana v. Teamsters Union Local #142 Pension Fund*, 668 N.E.2d 1269 (Ind. Ct. App. 1996); *State el rel. Prosser v. Indiana Waste Sys., Inc.,* (Ind. Ct. App. 1992).

[12] We have held that agreed judgments are not binding as to a nonparty. *See GKN Co. v. Starnes Trucking, Inc.*, 798 N.E.2d 548 (Ind. Ct. App. 2003). However, absent fraud or lack of consent, a trial court must approve or consent to an

agreed judgment submitted by the parties. *Pond v. McNellis*, 845 N.E.2d 1043, 1061 (Ind. Ct. App. 2006); *cf*, *Citizens For A Better Env't v. Gorsuch* (1983), D.C. Cir., 718 F.2d 1117, *cert. denied, Union Carbide Corp. v. Nat'l Res. Def. Council, Inc.* (1984), 467 U.S. 1219, 104 S. Ct. 2668, 81 L. Ed. 2d 373; *United States v. Outboard Marine Corp.* (1991), N.D. Ill., 764 F. Supp. 1315; *United States v. Seymour Recycling Corp.* (1982), S.D. Ind., 554 F. Supp. 1334 (federal courts appear to have discretion in certain circumstances to review and evaluate substance of agreed judgment prior to approval).

[13] The Gallopses appear to acknowledge this long standing precedent in Indiana, but in support of their equitable argument that we accept the appeal, cite to *Bemenderfer v. Williams*, 745 N.E.2d 212 (Ind. 2001). *Bemenderfer* and *Polk v. State*, 683 N.E.2d 567 (Ind. 1997), a case cited in the *Bemenderfer* opinion, are quite different than this case, however.

[14] In *Bemenderfer,* the Supreme Court in footnote 2 wrote:

> In order to appeal from a denial of a motion for partial summary judgment, the trial court is required to certify its order for interlocutory review and the Court of Appeals must accept jurisdiction pursuant to Appellate Rule 4(B) (now App. R. 5). Here, the parties provided and the trial court signed an "Agreed Final Judgment and Agreement Preserving the Issue of the Appropriate Measure of Damages" in an attempt to create a final appealable judgment pursuant to 54(B). An "Agreed Judgment" represents an agreement of the parties, not a judgment of the court. Thus, absent fraud, it is not appealable. *See, e.g., State v. Huebner,* 230 Ind. 461, 467–68, 104 N.E.2d 385, 387-88 (1952). But because it is clear that the trial court intended for its order to be appealable and the Court of Appeals, by issuing an opinion,

has accepted appellate review of the trial court's order, we exercise our discretion to ignore this procedural irregularity because only further delay in the disposition of this matter would be generated by sending it back to the trial court for proper certification. *Cf. Polk v. State,* 683 N.E.2d 567, 569 n.3 (Ind. 1997) (exercising inherent authority and addressing merits of case even though jurisdiction as direct appeal was lacking because sentence was not greater than fifty years).

Thus, the Supreme Court acknowledged and reaffirmed the long standing precedent disallowing appeals from agreed judgments. However, the Supreme Court found that the trial court had intended its order to be reviewable on appeal, and that this court had accepted appellate review of and decided the issues presented after the entry of the agreed judgment, without considering the ability to take an appeal from an agreed judgment.

[15] In footnote 3 of *Polk*, cited in the footnote in *Bemenderfer*, the Supreme Court wrote:

> We lack jurisdiction over this case as a direct appeal because the fifty-year sentence was not "greater than" fifty years imprisonment for a single offense. IND. CONST. art. VII, § 4; *Huff v. State*, 440 N.E.2d 465 (Ind. 1982), transferred to *Huff v. State,* 443 N.E.2d 1234 (Ind. Ct. App. 1983). However, rather than further delaying its resolution by transferring the case back to the Court of Appeals, we exercise our inherent authority to issue a ruling on the merits. *Wiseman v. State*, 521 N.E.2d 942, 943 (Ind. 1988), *reh'g denied*.

[16] In the present case, there is nothing explicit in the agreed judgment concerning an appeal of any issues after entry of the agreed judgment. Indeed, the only language referring to the effect of the entry of the agreed judgment is that it

would be entered on the trial court's docket "as a final judgment" and that the "judgment will have the same effect as if the case had proceeded to trial, as it is presently postured, a verdict had been arrived at by a jury on all presently pending claims, and the Court had then entered judgment in favor of Shambaugh Kast." Appellants' App. p. 10. Furthermore, there is no evidence that the trial court intended for the agreed judgment to be appealable. Finally, unlike the panel in *Bemenderfer*, we decline to accept appellate review, and instead follow our Supreme Court's precedent that agreed judgments are not appealable.

# Conclusion

In light of the foregoing, and in recognition of long standing precedent, we dismiss this appeal.

Kirsch, J., and Crone, J., concur.