## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 24 2019, 10:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Charles W. Florance
South Bend, Indiana

ATTORNEY FOR APPELLEE

Charlie W. Gordon
Lloyd & McDaniel, PLC
Louisville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles W. Florance, | September 24, 2019 |
| *Appellant-Defendant,* | Court of Appeals Case No. 19A-CC-854 |
| v. | Appeal from the St. Joseph Superior Court |
| American Express Centurion Bank, | The Honorable Margot F. Reagan, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 71D04-1802-CC-326 |

**Baker, Judge.**

In February 2018, American Express Centurion Bank (American Express) filed a complaint against Charles Florance, seeking payment of $22,837.45.[1] Florance and counsel for American Express reached an agreement to settle the case, and their agreement was memorialized on the record during a January 9, 2019, hearing:

Bank:      . . . Mr. Florance has agreed to pay in full settlement a total of $13,500. Terms being $750 a month times 18 months, starting sometime this month. . . .

***

Bank:      Upon a default situation and an affidavit from my office, we would then pursue the remaining balance in full that was pled in the original complaint, minus any payments made.

The total amount in the complaint, which is still due through today is $22,837.45. But again, we're willing to settle for the $13,500 as settlement in full.

***

Florance:      And I think if that's contingient [sic] on a dismissal with prejudice once the 18 months are complete and the payments are all made?

---

[1] The complaint is not included in the record on appeal, but we infer that it related to debt owed by Florance to American Express on a credit account.

Bank:       Certainly.

Florance:   I'm 100 percent in agreement.

Tr. Vol. II p. 2-3.

[2] On January 28, 2019, American Express sent an Agreed Judgment to Florance. The Agreed Judgment provided as follows:

> 1. Plaintiff shall have Judgment against the Defendant for the sum of $22,837.45 . . . .
>
> 2. It is further agreed that [if] Defendant pays $13,500.00 to Plaintiff at the rate of $750.00 each month . . . until the $13,500.00 is paid in full, Plaintiff shall not issue execution on this Judgment. . . .
>
> 3. It is further agreed that if the Defendant defaults from the payment schedule set forth in paragraph 2, Plaintiff shall be free to issue execution on this Judgment forthwith.

Appellant's App. Vol. II p. 3. Florance did not sign the Agreed Judgment, but the trial court signed and entered it on March 14, 2019. Florance now appeals.[2]

[3] Florance argues that the language of the Agreed Judgment is inconsistent with the agreement articulated at the January 2019 hearing. We disagree. The

---

[2] American Express notes that agreed judgments are not appealable. *See Gallops v. Shambaugh Kast Beck & Williams, LLP*, 56 N.E.3d 59, 62-64 (Ind. Ct. App. 2016) (explaining that an agreed judgment is a consent decree rather than a judicial determination and that its entry is a ministerial act by the trial court and not appealable). We agree, but choose to address Florance's arguments briefly in an attempt to offer clarity.

Agreed Judgment does, indeed, include the full amount owed by Florance to American Express, preserving the bank's right to execute that judgment in the event of a default. It also, however, indicates that if Florance makes monthly payments of $750 until he reaches the total amount of $13,500, then American Express will not execute the full amount of the judgment.

[4] Florance appears to believe, mistakenly, that American Express agreed to dismiss its complaint with prejudice immediately. While that phraseology was used at the hearing (by Florance), it is apparent that the parties intended to enter a judgment, which would act as security for the settlement agreement; then, if and when the sum of Florance's monthly payments totals $13,500, American Express will vacate the judgment.

[5] In other words, if Florance makes the agreed monthly payments of $750 for 18 months, reaching the amount of $13,500, then American Express will vacate the judgment and forego pursuit of Florance for the remaining balance. Therefore, the end result is precisely in line with the parties' agreement.

[6] We note that the language of the Agreed Judgment does not conform to the agreement reached by the parties during the hearing. Specifically, American Express agreed that the judgment would be dismissed with prejudice—or, more accurately, vacated—if and when Florance's payments total $13,500. Tr. Vol. II p. 2-3. Therefore, we remand with instructions to enter an order requiring American Express to file a motion to vacate the Agreed Judgment if and when Florance's timely monthly payments total $13,500. The order should require

that the motion to vacate be filed within fourteen days of the day on which Florance's payments total $13,500.

[7] The judgment of the trial court is affirmed and remanded with instructions.

Kirsch, J., and Crone, J., concur.